IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CR-62-M-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JAMES EARL CHAVIS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for a preliminary examination of the government's

amended motion for revocation of Defendant's supervised release [DE-76] and for a hearing on the

government's motion to detain Defendant pending further proceedings. The government alleges

Defendant has violated his supervised release by the following conduct:

Violation 1 - Criminal conduct

On August 31, 2024, the defendant committed the offenses of Assault Serious
Bodily Injury and Possession of Firearm by Felony (24CR350387), in Robeson
County, North Carolina.

Violation 2 - Criminal conduct

On August 31 , 2024, the defendant committed the offenses of First Degree
Kidnapping (24CR362869), Second Degree Kidnapping, Robbery with
Dangerous Weapon, and Attempted First Degree Murder (24CR362856), in
Robeson County, North Carolina.

Violation 3 - Criminal conduct

On September 20, 2024, the defendant committed the offense of Felony
Intimidating Witness (24CR412782), in Robeson County, North Carolina.

Violation 4 - Absconding

On July 30, 2024, this officer attempted to conduct a home visit at the
defendant's residence and spoke with the defendant's girlfriend, Ashley Locklear.
Ms. Locklear stated that she had not seen the defendant for approximately two

weeks and that she believed the defendant got into trouble. This officer attempted to contact the defendant by telephone and text but he failed to respond. The defendant provided no other contact information to assist in locating the defendant. The defendant made himself unavailable for supervision, thus absconding.

[DE-76].

At the outset of the hearing the Government indicated it would not be putting on any evidence to support a probable cause finding as to Counts 1-3 of its motion. Accordingly, the courts finds no probable cause as to Counts 1-3 of the amended motion.

In support of the remaining count (Count 4-Absconding), the government called United States Probation Officer John Chiaramonte who testified to the alleged violation. The court finds the testimony of Officer Chiaramonte to be credible and reliable. Based on the testimony of Officer Chiaramonte the court finds probable cause to support the violations alleged in Count 4 of the Government's motion.

Having considered the record pursuant to 18 U.S.C. § 3143(a)(1), the court finds Defendant has failed to establish by clear and convincing evidence that he will not pose a risk of non-appearance or danger to the community as required by Fed. R. Crim. P. 32.1(a)(6), based on the following principal findings and reasons: (1) the strength of the government's case and the nature of the alleged violation supported by probable cause, (2) lack of a release plan and third-party custodian which this court finds imperative given the nature of the allegation of violation, and (3) for other findings and reasons stated in open court.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.

2

Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 16th day of July 2026.

Robert B. Jones, Jr.,
United States Magistrate Judge

3